



FILED
Sep 28, 2023
01:58 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Marzine Richardson | ) Docket No. 2021-06-1257 |
| | ) |
| v. | ) State File No. 63576-2021 |
| | ) |
| Davidson Transit Organization, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Remanded

---

The employee filed an interlocutory request for additional medical benefits she claims are reasonably necessary due to a work-related accident when she struck her left knee while operating a bus. Although the employer accepted the compensability of the employee's accident, it denied that her current need for additional medical treatment arose primarily from this accident, arguing instead that it arose primarily from a pre-existing degenerative condition. The court considered written materials and expert opinions submitted by each party and made a determination on the record, concluding that the employee was entitled to return to the authorized treating physician. The employer has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

David M. Drobny, Nashville, Tennessee, for the employer-appellant, Davidson Transit Organization

Timothy A. Roberto, Knoxville, Tennessee, for the employee-appellee, Marzine Richardson

### Factual and Procedural Background

Marzine Richardson ("Employee"), a Davidson County resident, worked for Davidson Transit Organization ("Employer") as a bus driver. On August 5, 2021, Employee reported striking her left knee on the fare box inside the bus she was operating.

Employee also asserted that her left knee was injured due to "[r]epetitive motions for 4 years at [the] job."

Employer accepted the compensability of the August 5 accident and, after the initial medical provider recommended an orthopedic referral, provided a panel of specialists from which Employee selected Dr. Chad Price. Following a physical examination and review of an MRI, which revealed moderate medial compartment chondromalacia and degenerative tearing of the medial meniscus, Dr. Price concluded that Employee suffered degenerative changes and osteoarthritis. He opined that the work accident had exacerbated her pre-existing condition, and he ordered physical therapy and assigned certain work restrictions. Because of scheduling difficulties, Employee was unable to attend physical therapy sessions. Thereafter, on October 1, 2021, she reported falling inside a bathroom at which she had stopped while driving Employer's bus because her left knee had given out. She was seen at an emergency room after the fall and was diagnosed with exacerbation of her left knee meniscus injury and a right ankle sprain.

When Employee next saw Dr. Price on October 6, 2021, she was unable to bear weight on her left leg. Dr. Price noted her subsequent history of a fall and ordered additional x-rays, which revealed no fractures and "unchanged moderate medial patellofemoral osteoarthritis." Dr. Price also commented, "I do not think either her meniscus tear or the arthritis is related to her Workers' Compensation claim." Dr. Price placed her at maximum medical improvement with respect to her work-related injury and released her to return to work without restrictions.

In July 2022, Dr. Price was deposed.[1] When he was asked about the MRI results, Dr. Price agreed that the MRI did not show evidence of an acute injury. He testified that Employee's primary diagnosis was osteoarthritis, which he concluded was chronic and not caused by the work accident. He also opined that the meniscal tear was not acute, and that any need for surgery to repair that tear would not arise primarily out of the work accident.

In August 2022, Employee sought unauthorized treatment with Dr. Sharif Abdus Salaam, an orthopedic physician. Dr. Abdus Salaam noted Employee's history of left knee pain for one year following the work-related accident in August 2021. After reviewing the MRI completed after that accident, Dr. Abdus Salaam agreed with Dr. Price's prior assessment of medial compartment arthritis and degenerative tearing of the medial meniscus. He recommended conservative treatment. He also advised Employee that "her injury did not cause the arthritis or degenerative tear of her meniscus." At her next visit in October 2022, Dr. Abdus Salaam recommended "left arthroscopic knee chondroid meniscal debridement" due to "failed conservative treatment." Dr. Abdus Salaam again noted "patient['s] meniscal tear appears to be degenerative."

---

[1] At the time of Dr. Price's deposition, Employee was self-represented.

On October 25, 2022, Employee's counsel sent Dr. Abdus Salaam a medical questionnaire, which he completed and signed on October 27. Dr. Abdus Salaam indicated that although Employee's degenerative meniscal tear and medial compartment arthritis were not caused by the work accident, the accident did cause an "aggravation" of those conditions. In the questionnaire, Dr. Abdus Salaam was not asked whether Employee needed additional treatment for the aggravation of her pre-existing conditions.

Following a review of the records submitted in the case, the trial court issued an order compelling Employer to authorize a return visit with Dr. Price or another panel-selected orthopedic physician for treatment of "[Employee's] work-related injury and aggravation of her pre-existing condition." Employer has appealed.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). However, we need not give deference to a trial court's findings "based upon documentary evidence such as depositions." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). The interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

Our resolution of this appeal hinges on a review of the expert medical opinions expressed to date. In its notice of appeal, Employer asserts that the trial court erred in determining Employee "suffered an injury as defined by statute." In its brief, Employer argues that "no medical expert witness has opined that the Employee's work accident is the primary cause of her current need for treatment."

Tennessee Code Annotated section 50-6-102(12) defines compensable injuries to include "the aggravation of a preexisting disease, condition[,] or ailment" if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." We previously addressed an employee's entitlement to medical benefits arising from a work-related aggravation of a pre-existing condition:

[T]o qualify for medical benefits at an interlocutory hearing, an injured worker who alleges an aggravation of a preexisting condition must offer evidence that the aggravation arose primarily out of and in the course and scope of employment. Moreover, the employee must come forward with sufficient evidence from which the trial court can determine that the employee would likely establish, to a reasonable degree of medical certainty, that the work accident contributed more than fifty percent in causing the aggravation, considering all causes. Finally, an aggravation or exacerbation need not be permanent for an injured worker to qualify for medical treatment reasonably necessitated by the aggravation.

*Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *18 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015).

We have also addressed cases in which an employee whose work accident aggravated a pre-existing condition sought additional medical treatment in circumstances where the authorized physician had concluded the employee's work-related aggravation had resolved. In *Stallion v. TruGreen, L.P.*, No. 2016-01-0292, 2017 TN Wrk. Comp. App. Bd. LEXIS 11 (Tenn. Workers' Comp. App. Bd. Feb. 2, 2017), the employee reported experiencing low back pain while lifting a truck's tailgate. *Id.* at *2. The treating physician concluded the employee had suffered a low back sprain that aggravated pre-existing degenerative conditions in his low back. *Id.* at *4. In response to a medical questionnaire sent to him by the employer's counsel, the treating physician indicated that the employee "does not need any further medical treatment for his back sprain injury." *Id.* at *6. The treating physician placed the employee at maximum medical improvement, released him to return to work without restrictions, and concluded the work-related sprain caused no permanent medical impairment. *Id.*

The trial court in *Stallion* concluded that the employee came forward with sufficient evidence to indicate he was likely to prevail at trial in proving a compensable aggravation of his pre-existing low back condition. *Id.* It therefore ordered the employer to provide a new panel of physicians in the state to which the employee had moved, and the employer appealed. *Id.* at *6-7. On appeal, we reversed, concluding that the employee had not come forward with sufficient evidence indicating he was likely to prevail in proving his need for additional medical care was causally related to the compensable aggravation. *Id.* at *13. In so holding, we noted that the only expert medical opinion presented to the court was that the employee did not need any additional medical treatment for his back sprain injury. *Id.* at *12.

In distinguishing our holding in *Stallion* from other cases in which we had affirmed orders for medical treatment, we explained as follows:

> [W]e note there is an important distinction between [the previous cases] and the matter presently before us. In each of those cases, there was medical proof at an expedited hearing to support a finding of an aggravation of a pre-existing condition. In each case, a physician had rendered an opinion that satisfied the statutory requirements necessary to establish a compensable aggravation. Here, the record does not include a medical opinion to support a conclusion that Employee's current complaints are caused by an aggravation of a pre-existing condition or that any such aggravation is causally related to the employment.

*Id.* at *14. Thus, in circumstances where an employee seeks additional medical treatment for the aggravation of a pre-existing condition at an interlocutory stage of the case, the record must support a finding that the employee is likely to prevail at trial in proving a compensable aggravation of a pre-existing condition, whether temporary or permanent.

Finally, we reiterate a longstanding principle that an employer cannot unilaterally terminate an employee's entitlement to future medical benefits in circumstances where it has accepted the compensability of a work accident. *See, e.g.*, *Yow v. Lowe's Investment Corp.*, No. 2022-08-1050, 2023 TN Wrk. Comp. App. Bd. LEXIS 41, at *7-8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2023); *Limberakis v. Pro-Tech Security, Inc.*, No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017). We have also stressed that "[u]nless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker *remains entitled* to reasonable and necessary medical treatment causally related to the work injury." *Limberakis*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 at *7 (emphasis added).

Here, although the issue is close, we conclude that the circumstances of this case are more akin to *Miller* than *Stallion*. Significantly, both physicians concluded that Employee had exacerbated or aggravated her pre-existing knee condition as a result of the work accident. When Dr. Price last saw Employee in October 2021, he did *not* release her from his care, indicate that she no longer needed any treatment for her work-related condition, or advise her not to return. In fact, as of that date, Employee was still experiencing significant symptoms, and Dr. Price acknowledged in his report that "she is unable to bear weight on her left leg." Moreover, Dr. Price did *not* state that her aggravation or exacerbation had resolved as of the last date he examined her. He opined that "she has sustained a knee contusion that has further exacerbated her pre-existing underlying arthritis and degenerative meniscus tear." On the other hand, when Dr. Price was deposed in July 2022, he testified that, if Employee requires additional treatment for her knee, such treatment would not be primarily related to the August 2021 work accident. Yet, at the time he offered that opinion, Dr. Price had not examined Employee in more than nine months.

5

Moreover, when Dr. Abdus Salaam was asked in October 2022 to provide his expert medical opinion, he noted that Employee had suffered an aggravation of her degenerative meniscal tear and an aggravation of her medial compartment arthritis as a result of the work accident. Yet, Dr. Abdus Salaam was not asked to comment on whether the aggravation of her pre-existing conditions had resolved or whether her aggravation reasonably necessitated additional medical care.

In essence, the crux of this dispute hinges on the burden of proof. In circumstances where the compensability of an employee's accident has been accepted and medical care authorized, the question is whether the employee has the burden of proving that the need for any additional medical care arose primarily out of the accident. We conclude the answer to that question depends on the particular facts and attendant circumstances of the case. Here, in considering the expert medical opinions offered in this case, the trial court noted, "both [physicians] determined that the work accident exacerbated or aggravated her underlying preexisting knee conditions." Consequently, the court concluded that Employee had come forward with sufficient evidence indicating a likelihood of prevailing at trial in proving the occurrence of a compensable aggravation of her pre-existing knee conditions. We conclude the evidence does not preponderate against that finding.

Furthermore, given that Dr. Price has not indicated he would refuse to see Employee again, and given that an employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary future medical benefits in a compensable claim, the trial court did not err in ordering Employer to authorize a return appointment with Dr. Price, or another panel-selected physician should Dr. Price decline to see her again, to determine whether Employee needs any additional medical care that is reasonable, necessary, and causally related to her compensable work-related accident. Notably, the court did not order Employer to authorize any specific treatment but instead left that determination to the authorized treating physician.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Marzine Richardson | ) | Docket No.  2021-06-1257 |
|---|---|---|
| | ) | |
| v. | ) | State File No.  63576-2021 |
| | ) | |
| Davidson Transit Organization, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of September, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Timothy A. Roberto | | | | X | troberto@brownandroberto.com cwilliams@brownandroberto.com |
| David M. Drobny<br><br>Jenna M. Macnair | | | | X | ddrobny@manierherod.com mgrimmig@manierherod.com jmacnair@manierherod.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov